### HENRY SULLIVAN V. STATE OF OHIO.

IT IS NOT ERROR TO CHARGE THAT DEFENDANT'S FAILURE TO TESTIFY IS AGAINST HIM.

Where the defendant in a criminal case fails to take the witness stand to testify, it is not pejudicial error for the court, of its own motion and without a request therefor, to charge the jury that such failure on the part of the defendant to testify, raises no presumption of guilt against him.

ERROR to Court of Common Pleas.

SMITH, J.

We are of the opinion that there was no error prejudicial to the defendant below, in the action of the court in saying to the jury that "the law prohibits the jury from inferring any guilt from or making any use against the prisoner, of his omission to testify in his own behalf. No inference can be made by you that his silence is, in any degree, an admission of the truth of any testimony which may have been given against him," though such charge had not been asked for by the defendant, nor had any other reference been made by any one at the trial to the failure of the defendant to testify.

It is true that sec. 7286, Rev. Stat., which makes a defendant competent to testify, if he wishes to do so, and which provides that his neglect or refusal "to testify, shall not create any presumption against him," also says, "nor shall any reference be made to, nor any comment be made upon such neglect or refusal." But the manifest purpose of this provision was to protect the interest of the defendant, and to prevent him from being prejudiced by the presumption which would naturally arise against him if he declined to testify, and to prevent the counsel for the state from urging this as an argument against him, or the court from calling the attention of the jury to the inference or presumption which ordinarily would arise in such a case.

But even if counsel should refer to this failure of the defendant to testify, and the court should promptly interfere and clearly make known to the jury

what the law requires, and that no such presumption must be permitted to influ-ence them, in such case, though the letter of the statute has been violated, it has been held that it would not necessarily be prejudicial to the defendant, or be sufficient cause for the granting of a new trial. *Calkins* v. *State*, 18 O. S., 366.

So, if the defendant should ask the court to say to the jury that his failure to testify should raise no presumption against him, while it would appear to be against the letter of the law that this be done, it certainly could not be against its spirit. And, if the court, *sua sponte*, were to charge the jury to do that which the law requires them to do, it could hardly be deemed prejudicial to the defend-ant. It is known to every one that when a person is charged by the testimony of others with doing or saying something which by his own testimony he could successfully contradict or explain, and without apparent reason therefor remains silent, the inference is very strong that he cannot honestly contradict or explain the evidence against him. Yet in such case, the law makes it the duty of the jurors to disregard the presumption which thus arises. And it would seem not to be in contravention of the spirit of the statute, if the judge who may have seen the effect produced upon the jury by the failure of the defendant to testify in a particular case, should instruct them as to what the law requires of them in such case. Under the statute of New York, which is substantially similar to our own, it was held in 45 N. Y., 223, that a charge on this point, in conformity with its terms, was not error for which the judgment should be reversed.

This being the only objection to the rulings of the trial judge presented to us, the judgment will be affirmed.

*Charles W. Baker*, for plaintiff in error.

*Schwartz, Rulison & Darby, contra.*